THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALARIE D. JOHNSON, | Case No. C09-1867-JCC |
| Plaintiff, | ORDER |
| v. | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Defendant. | |

This matter comes before the Court on Defendant's notice of supplemental authority/motion to dismiss (Dkt. No. 43), Plaintiff's response (Dkt. No. 53), and Defendant's reply (Dkt. No. 54). Having thoroughly considered the parties' briefing and the relevant record, the Court grants the motion.

The disputed facts of this case are set forth in the Court's previous order granting in part and denying in part Defendant's motion for summary judgment (Dkt. No. 37). Relevant to Defendant's current motion, this action arises out of a settlement agreement between the parties. Plaintiff, an employee of Defendant Equal Employment Opportunity Commission in its Seattle Field Office who proceeds pro se, complained that Defendant had discriminated against her on the basis of race and in reprisal for her opposition to alleged discriminatory practices when Defendant did not hire Plaintiff as an "Alternative Dispute Resolution Mediator." The parties entered a settlement agreement and Plaintiff withdrew her Title VII complaint. Plaintiff

ORDER, C09-1867-JCC
PAGE - 1

thereafter alleged that Defendant breached the agreement by not considering her for another position. While the parties awaited trial, in late December 2010, the Ninth Circuit Court of Appeals held that Congress's waiver of sovereign immunity under Title VII did not extend to suits to enforce such predetermination settlement agreements with the federal government and that district courts do not have subject-matter jurisdiction to enforce alleged breaches of those settlement agreements under Title VII. *Munoz v. Mabus*, 630 F.3d 856, 860–61, 864 (9th Cir. 2010) ("Because Munoz's breach of settlement agreement claim is essentially a contract action against the federal government whose resolution requires no interpretation of Title VII itself, his claim cannot seek jurisdictional refuge in Title VII and belongs, if anywhere, in the Court of Federal Claims.").

Plaintiff's attempts to distinguish her case from *Munoz* are unpersuasive. Plaintiff argues that because her employer was the EEOC, the very agency tasked with investigating her discrimination claim, her case should proceed to trial. Yet Plaintiff cites no authority for concluding that Congress waived its sovereign immunity under Title VII with respect to claims specifically brought against the EEOC.[1] *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." (citations omitted)).

Plaintiff further alleges that her complaint was not properly processed pursuant to 29 C.F.R. § 1614.504(a). (Dkt. No. 53 at 9.) Nothing in Plaintiff's complaint asserts this allegation, even interpreted liberally. And the hour in which to raise that claim has come and gone. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In any event, Plaintiff does not sufficiently explain why alleged noncompliance with the

---

[1] In its decision reviewing Plaintiff's appeal regarding compliance with the settlement agreement, the EEOC explained that its adjudicatory function is housed in a separate and independent office from its offices charged with in-house processing and resolution of complaints. (Dkt. No. 53 at 22.) It also explained that the acting chairman had recused himself from participating in Plaintiff's decision. (*Id.*)

investigation materially distinguishes her claim from that in *Munoz*. *See Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007) ("Clearly, this regulation does not permit Mr. Lindstrom to sue in federal court to enforce his settlement agreement.").[2]

Similarly, Plaintiff asserts for the first time that she claimed retaliation in her allegation of breach of the settlement agreement. (Dkt. No. 53 at 7.) Although this Court has jurisdiction under Title VII to consider whether the EEOC's denial of Plaintiff's request was retaliatory in nature, *see Munoz*, 630 F.3d at 865, nothing in Plaintiff's complaint or briefing on summary judgment asserted that claim. The Court will not consider it now. Nor is it clear that Plaintiff exhausted her administrative remedies on this newly asserted retaliation claim.[3] *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies.").

For the foregoing reasons, the Court lacks jurisdiction under Title VII to review Plaintiff's claim for breach of the settlement agreement. Plaintiff may nonetheless have options. The Tucker Act, for example, may provide jurisdiction in the Court of Federal Claims.[4] *See* 28 U.S.C. §§ 1346, 1491; *Munoz*, 630 F.3d 856, 860–61, 864. The jurisdictional

---

[2] The same reasoning applies to Plaintiff's allegation of noncompliance with 5 C.F.R. § 536.104(a).

[3] Plaintiff filed an e-mail showing some initial discussion after learning that the EEOC had filled a mediator position with another employee. (Dkt. No. 57 at 3.) This e-mail does not change the Court's conclusion. There is no allegation that Plaintiff reinstated her underlying Title VII complaint in lieu of the settlement agreement, and Plaintiff's complaint plainly seeks to enforce the settlement agreement.

[4] This Court has concurrent jurisdiction for contract claims against the federal government for sums no greater than $10,000. 28 U.S.C. § 1346(a)(2). Plaintiff does not plead a specific amount of damages in her complaint. However, the Court concludes that Plaintiff's alleged damages exceed $10,000, because Plaintiff seeks compensation for a position she claims she has been denied since 2007 and seeks an order instating her into that position. *See Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007) ("If Greenhill explicitly or in

ORDER, C09-1867-JCC
PAGE - 3

and remedial issues in this case are complex, and Plaintiff may want to seek the assistance of legal counsel to further proceed. But at this juncture, as pleaded in her complaint, this Court does not have jurisdiction. Accordingly, the Court DISMISSES this action without prejudice.[5]

DATED this 2nd day of March 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

essence seeks money damages in excess of $10,000, jurisdiction rests exclusively with the Court of Federal Claims.").

[5] In the light of this Order, the Court denies as moot Defendant's motion to strike Plaintiff's demand for a jury trial (Dkt. No. 39).